RAMÓN VALCOURT, Plaintiff and Appellee, v. MARCELINO DÁVILA, Defendant and Appellant. SAME, Plaintiff and Appellant, v. SAME, Defendant and Appellee.

Nos. 6979 and 6721. Argued March 11, 1936.—Decided July 16, 1936.

E. *Martínez Rivera* for appellant.   G. *Cruzado Silva* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Both parties in this suit have appealed from the judgment, and have perfected their appeals separately. When the record was filed in No. 6979, it was stipulated by the parties that such record would also be used for No. 6721. The stipulation was approved by this court, and the appeals were heard on the same day and will be considered in this single opinion.

This is an action for specific performance of contract. After several questions raised by demurrer had been decided, the case went to trial. In its statement of the case and opinion the trial court summarized the pleadings and the evidence of both parties and then arrived at the following decision:

"The evidence is really contradictory and examined as a whole it gives the impression that at no moment was there any meeting of the minds of the contracting parties. First, when the plaintiff believed that he was selling the bakeshop and thought that he was buying the building in which the drug store was located. The purchaser then examined the bakeshop building and refused to go through with the deal on finding that important accessories of the business were lacking. Upon this point the defendant is corroborated by the witness Rodena himself, a witness for the plaintiff, who testified that when he went to see the bakeshop the cylinder was missing. The defendant's own witness, Pedro Venegas, an employee of the plaintiff, also corroborates this, testifying that the machinery in the bakery had been lent to the plaintiff by Juan Barbosa, and it is also corroborated by Mr. Valcourt himself, who testified on rebuttal that he had given Juan Barbosa a mixer and the kneading trough.

"It appears from the evidence that the defendant had not seen the bakeshop building until when upon the suggestion of the notary he went to see it and refused to go through with the deal. Rodena saw the bakery, but we cannot admit that Rodena was the defendant's agent. Rodena himself admitted that he did not know the de-

fendant before the transaction and saw him for the first time when negotiations were commenced. Under these circumstances it is not logical to assume that the plaintiff would so entrust his interest to an unknown person, and that he would not even trouble himself to examine a piece of property for which he was going to pay $5,000. We cannot believe that Rodena was a completely disinterested party in this business. He was the one who started it. He was the one who persuaded the defendant (according to the plaintiff's evidence) to re-open the transaction at the time of the misunderstandings as to the property which was going to be the subject of the contract. And this witness, so interested in the deal, was not present, we do not know why, when Dávila refused to sign the deed, according to the plaintiff's evidence, and it was later that the witness Rodena found out about it, and he does not know even now the reason for the defendant's refusal to finish the deal. These facts taken together with all the evidence lead us to the conclusion that at no time was there a contract, because as there was never a meeting of the minds, the first requisite for the validity and existence of every contract, that is the consent of the contracting parties, was lacking.

"We believe moreover that in cases of this nature the evidence must be clear and strong so that the court may be satisfied that it is not imposing upon a party a contract into which he did not enter.

"For the foregoing reasons, a judgment dismissing the complaint, without special award of costs, is proper in this case, it not appearing from the evidence that the plaintiff has been obstinate in his prosecution of this suit."

The plaintiff appealed from the judgment insofar as it dismissed the complaint and the defendant appealed insofar as the judgment did not impose costs upon the plaintiff.

■ The plaintiff has assigned three errors in his brief, which may be reduced to one, to wit: error in weighing the evidence. An examination of the evidence leads us to conclude that it sustains the judgment. It does not appear that manifest error was committed, nor that the lower court acted moved by bias, prejudice or partiality. The appeal must be dismissed.

■ The defendant has argued at length his contention that costs should have been imposed upon the plaintiff, and we have entertained some doubt as to the decision which we

should enter. Nevertheless, it cannot be denied that there was a real controversy between the parties and that the trial court was in a better position to determine the lack of obstinacy upon the part of the plaintiff. It has not been shown that the court abused its discretion and accordingly defendant's appeal must also be dismissed.

. The judgment appealed from must be affirmed in all its parts.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.